Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, L

Case: 1:25-cv-14473 Document #: 1-3 Filed: 11/26/25 Page 1 of 7 PageID #:11

FILED
10/29/2025 8:20 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L064013
Calendar, L
35105395

FILED DATE: 10/29/2025 8:20 AM  2025L064013

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## LAW DIVISON, 4TH MUNICIPLE DISTRICT

| | |
|---|---|
| CHARLES ONRUBIA, | CASE NUMBER: 2025L064013 |
| PLAINTIFF | AMOUNT CLAIMED: $12,000,000.00 |
| VS. | INTENTIONAL TORT |
| RIVER GROVE POLICE DEPARTMENT | RESPONSE DATE: 30 DAYS MAX. |
| VILLAGE OF RIVER GROVE, ILLINOIS, | INTENTIONAL TORT |
| DEFENDANT | |

## AMENDED COMPLAINT-VERIFIED

THIS AMENDED COMPLAINT AS ORDERED BY THE COURTS ON SEPTEMBER 24TH, 2025 IS NOW THE OFFICIAL SWORN WRITTEN STATEMENT OF COMPLAINTS BY PLAINTIFF, CHARLES ONRUBIA AND ANY PRIOR COMPAINT FILED BY CHARLES ONRUBIA OR ANY OTHER ASSUMED REPRESENTIVE FILING ON HIS BEHALF IS NOW NULL AND VOID.

CHARLES ONRUBIA IS SEEKING DAMAGES FROM THE VILLAGE OF RIVER GROVE, AND ITS POLICE DEPARTMENT IN THE AMOUNT OF $12,000,000.00 (TWELVE MILLION DOLLARS AND 00/100.)

PLAINTIFF, CHARLES ONRUBIA, RESIDENT OF RIVER GROVE, ILLINOIS 2432 HAYMOND ST. RIVER GROVE, IL. 60171.  A PERMANENT RESIDENT OF ILLINOIS AND UNITED STATES CITIZEN BORN WITH CERTAIN INALIABLE RIGHTS WHICH PROTECT HIM FROM BEING VICTAMIZED BY ANY PERSON AND OR ENTITY.  HIS BILL OF RIGHTS AND AMENDMENTS OF THE CONSTITUTION BOTH BY STATE OF ILLINOIS AND UNITED STATES AS A COUNTRY HAVE BEEN VIOLATED BY RIVER GROVE POLICE DEPARTMENT.  A MUNICIPLE POLICE DEPARTMENT OF THE VILLAGE OF RIVER GROVE LOCATED AT 2621 THATCHER AVE, RIVER GROVE, ILLINOIS 60171.

THIS COMPLAINT WILL EXPLAIN ACTUAL EVENTS OF FACTUAL BASIS AND BACKED BY OFFICIAL DOCUMENTS THAT INCLUDE BOTH NON-CONFIDENTIAL AND CONFIDENTIAL INFORMATION.  VERIFIED DOCUMENTS INCLUDE MEDICAL DISCHARGE PAPERS, POLICE REPORTS OF INCIDENTS WHICH SHOW INCONSISTENCIES WITH REAL EVENTS, EMERGENCY ORDERS OF PROTECTION, REPORTS OF PERSONAL PROPERTY ILLEGALY SIEZED BY RIVER GROVE POLICE DEPARTMENT, AND PENDING FELONY CHARGES ON PLAINTIFF.  INCLUDING A FELONY INDICTMENT AS A DIRECT OUTCOME FROM CITATIONS ISSUED BY RIVER GROVE POLICE.

FILED DATE: 10/29/2025 8:20 AM    2025L064013

WRONGFUL ARRESTS ON TWO SEPERATE OCCASSIONS AND POLICE NEGLIGENCE HAS CHARLES ONRUBIA AND FAMILY STUCK IN AN EXTREAMLY STRESSFUL AND EMOTIONAL TIME. THE FOLLOWING EVENTS OF THIS COMPLAINT ARE TRUE AS FAR A FACTUAL BASIS, HOWEVER, ACTIONS TAKEN BY RIVER GROVE POLICE DEPARTMENT ARE UNCONSTITUTIONAL AND HOLD NO WATER TO VALIDIATE THE CRIMINAL CHARGES TO WHICH THE PLAINTIFF IS CURRENTLY FIGHTING IN THE COURT OF LAW IN MULTIPLE CRIMINAL FELONY CASES.

THE FOLLOWING DATES AND EVENTS ARE LISTED IN ORDER STARTING FROM OLDEST TO MOST CURRENT. STATUTES OF LIMITATION WILL NOT APPLY IN THIS COMPLAINT AS THE NATURE OF EVENTS WILL SHOW COMMON DENOMINATORS THAT CAN CONNECT CERTAIN EVENTS OVER THE PAST 7 YEARS,

1. CHARLES ONRUBIA WAS INVOULUNTARILY ADMITTED INTO ADVOCATE GOOD SAMARITAN HOSPITAL IN DOWNERS GROVE, IL ON JULY 10TH, 2018. THERE IS A CORRELATION BETWEEN EVENTS THAT HAPPENED IN THE LATTER PART OF 2024 TO WHICH WANTING TO DISCLOSE DETAILS OF SENSITIVE NATURE WILL BE WITHHELD FROM THIS COMPLAINT TO MAINTAIN CONFIDENTIALITY. CHARLES ONRUBIA GAVE UP HIS RIGHT TO LEGALLY PURCHASE FIRE-ARMS AND CARRY CONCEALED FOR FIVE YEARS AS A RESULT OF THIS INVOLUNTARY HOSPITALIZATION. HOWEVER, CHARLES KEEPS HIS RIGHT TO BEAR ARMS BECAUSE HE IS NOT A CONVICTED FELON.

2. ON JULY 30TH, 2018 PLAINTIFF, CHARLES ONRUBIA WENT TO RIVER GROVE POLICE DEPARTMENT TO SURRENDER HIS FOID CARD AND CONCEALED CARRY LICENSE. PLAINTIFF FOLLOWED INSTRUCTIONS AND COMPLIED WITH A LETTER SENT TO HIM BY ILLINOIS STATE POLICE. AN ILLINOIS STATE POLICE FIREARM DISPOSITION RECORD IS AVAILABLE AND ON FILE WITH ILLINOIS STATE POLICE. RIVER GROVE POLICE DEPARTMENT HAS NO RECORD OF HOW OR WHAT WAS DONE WITH PLAINTIFFS FOID CARD OR CCL. IT WAS SUPPOSED TO BE SENT TO ILLINOIS STATE POLICE HEADQUARTERS IN SPRINGFIELD, IL. RIVER GROVE POLICE DEPARTMENT TOOK POSSESSION OF HIS VALID FOID AND CCL AND THE FIREARM DISPOSITION RECORD FOR TRANSFER OF FIREARMS TO ANY PERSONS WITH A VALID FOID, HOWEVER, THEY CANNOT PROVIDE ANY DOCUMENTATION OR PROOF THAT PROPER PROTOCOL WAS ACTUALLY FOLLOWED. PLAINTIFF HAD TO PROVIDE ALL RECORDS WHEN HIS FOID CARD WAS IN THE PROCESS OF BEING REINSTATED. CHARLES ONRUBIA HAS PROPER DOCUMENTATION OF CORRESPONDENSE WITH FIREARMS SERVICES BUREAU ALONG WITH AUTHENTIC DOCUMENTS REQUESTED FOR REINSTATEMENT.

3. PLAINTIFF, CHARLES ONRUBIA, HAVING MAINTAINED A CLEAN CRIMINAL RECORD HIS ENTIRE LIFE HAS NOW FOR THE FIRST TIME EXPERIENCED A RUTHLESS ACT THAT CLEARLY TARGETED CHARLES FOR REASONS UNKNOWN. DURING THE YEARS FROM 2018 THROUGH YEAR TO DATE, CHARLES ONRUBIA HAS NOT GIVEN UP FIGHTING FOR HIS RIGHTS BACK. ALL HIS FIRE-

**Exhibit C**

ARMS ARE LEGALLY PURCHASED AND REGISTERED IN HIS NAME. HIS ABILITY TO EXCERSISE HIS RIGHT TO BEAR ARMS HAS NOW BECOME NON-EXISTANT WHILE NOT IN POSSESSION OF HIS LICENSES THAT ALLOW HIM TO BEAR ARMS OUTSIDE OF HIS OWN PERSONAL PROPERTY OR DOMICILE.

4. ON DECEMBER 10TH, 2024, CHARLES ONRUBIA DECIDED TO TURN HIS BASEMENT OF HIS OWN HOME INTO A TEMPORARY SPACE TO PRACTICE HIS SKILLS IN BOTH GUN SAFETY AND TARGET GROUPING. A PROPER BACK STOP FOR THIS PARTICULAR ACTIVITY WAS PUT TOGETHER BY CHARLES BY USING MATERIALS HE HAD AROUND HIS HOME WHICH SERVED ITS PURPOSE. CHARLES ONRUBIA IS PROPERLY TRAINED IN GUN SAFETY AND HAS MULTIPLE CERTIFICATES FROM NON-MANDATORY TACTICLE CLASSES THAT INCLUDE FIELD TRAINING. HIS DISCIPLINE WITH FIRE-ARMS AND ABILITY TO HANDLE WITH CARE WAS INSTILLED IN HIM BY HIS FATHER WHO GRADUALLY GAVE HIM PROPER GUIDANCE WHEN IT CAME TO ANYTHING THAT CAN POTENTIALLY CAUSE DANGER TO ANYONE INCLUDING HIMSELF. CHARLES' FATHER RAISED HIM CORRECT AROUND FIRE-ARMS AND INCREASED THE WISDOM AND KNOWLEDGE GRADUALLY BY WHAT IS CONSIDERED AGE APPRORIATE IN HIS OPINION AND PERHAPS BASED ON HIS SONS OWN ABILITY TO UNDERSTAND KNOWING WE ALL LEARN AT DIFFERENT PACES. AT THE AGE OF FORTY-FIVE YEARS OLD, CHARLES ONRUBIA HAS NO RECORD OF ANYTHING CARELESS OR INTENTIONAL REGARDING ANY LETHAL WEAPON THAT HAS CAUSED ANY HARM TO ANOTHER PERSON. THIS FACT, ACTIONS AND ACTIVITIES CHARLES TOOK PART IN WHILE IN THE PRIVACY OF HIS OWN DOMICILE ARE NOTHING MORE THAN IT APPEARS TO BE. THIS IS NO DIFFERENT FROM ACTUALLY GOING IN TO A GUN RANGE TO PRACTICE ON ACCURACY OF TARGET GROUPINGS. IT IS ACTUALLY A MUCH MORE CONVENIENT SETTING, ESPECIALLY BECAUSE CHARLES HAS THE TOOLS TO MAKE PROPER ADJUSTMENTS IF NECESSARY. PERSONAL VIDEOS SHOW ACTUAL UNALTERED EVENTS OF THIS DAY, AND CLEARY SHOW CHARLES ONRUBIA IS IN FACT PROPERLY TRAINED AND QUALIFIED TO EXCERSISE HIS RIGHT TO BEAR ARMS. THIS INCLUDES THE USE OF SUCH ARMS FOR PURPOSES OF MAINTAINING SKILL THAT HAPPENS OVER TIME.

5. ON DECEMBER 10TH, 2025 RIVER GROVE POLICE DEPARTMENT UNLAWFULLY ENTERED CHARLES ONRUBIA'S HOME AT 2432 HAYMOND ST, RIVER GROVE, IL. 60171. CHARLES WAS HANDCUFFED WITHOUT A SHIRT ON BY STRAGERS WHO WERE NOT INVITED INTO HIS HOME BY ANY RESIDENT OF THE HOUSEHOLD. NO SEARCH WARRANTS, OR ORDERS FROM THE COURTS WERE PROVIDED. NO LAW ENFORCEMENT MAY ENTER A PRIVATE DOMICILE WITHOUT BEING INVITED IN WITHOUT A WARRANT TO SEARCH THE PREMISIS. MORE IMPORTANTLY, THEY CANNOT FORCE ANOTHER HOUSEHOLD MEMBER TO OPEN UP A SAFE. THIS IS CLEAR ABUSE OF POWERS AND INTIMIDATING TACTICS BY UNKNOWN POLICE OFFICER. ONE THAT SHOWS UP TO A SO CALLED "SHOTS FIRED" NON-EMERGENCY CALL WITHOUT KEVLAR OR ANY OTHER SORT OF

Exhibit C

PERSONAL PROTECTION ON.  PERHAPS HE WAS MORE WORRIED ABOUT PERSONAL LIFE SAVING GEAR NOT MATCHING HIS HAT AND OUTFIT.

6.     CHARLES ONRUBIA WAS WRONGFULLY ARRESTED AND IMMEDIATLEY TAKEN TO GOTLIEB HOSPITAL AS HE WAS FORCED BY UNKNOWN POLICE OFFICER TO TAKE A PSYCHIATRIC EVALUTION.  UNKNOWN RIVER GROVE POLICE OFFICER IS NOT A QUALIFIED PERSON IN THE MEDICAL FIELD, AND HAS NO AUTHORITY TO FORCE CHARLES ONRUBIA, WHILE INSIDE HIS OWN PRIVATE DOMICILE TO TAKE A "PSYCH EVALUATION."  CHARLES WAS ASKED "WERE YOU SHOOTING GUNS IN THE BASEMENT" BY SOMEONE THAT CHARLES DID NOT HAVE ENOUGH TIME TO VERIFY VALIDY OF ACTUAL POLICE ENFORCEMENT.  THIS QUESTION THAT WAS ASKED PROVES THERE WAS NO EYE-WITNESS TO "RECKLESS DISCHARGE OF A FIREARM."

7.     PLAINTIFF, CHARLES ONRUBIA WAS FORCED TO GET IN A RIVER GROVE ABULANCE THAT TRANSPORTED HIM TO GOTLIEB MEMORIAL HOSPITAL INVOLUNTARILY.  HE DOES NOT EVEN RECALL ANY PATROL VEHICLES ON THE STREET, JUST A RIVER GROVE AMBULANCE.  CHARLES WAS AT GOTLIEB MEMORIAL HOSPITAL AND WAS NOT PRESENT WHILE AN ILLEGAL SEARCH AND SIEZURE WAS CONDUCTED AT CHARLES ONRUBIA'S HOME.  HE DID NOT EVEN FIND OUT ABOUT HIS FIREARMS ILLEGALLY SIEZED UNTIL MONTHS LATER.  HE WOULD HAVE FILED SUIT MUCH SOONER HAD HE KNOWN ABOUT THE ILLEGAL SEARCH AND SIEZURE ON DECEMBER 10TH, 2024. CHARLES IS PROTECTED BY HIS FOURTH AMENDMENT RIGHT OF THE US CONSTITUTION AND ARTICLE ONE SECTION SIX OF ILLINOIS CONSTITUTION.  EVERY INDIVIDUALS "BILL OF RIGHTS."  IF A WARRANT WAS REQUESTED BY RIVER GROVE POLICE DEPARTMENT, THEN IT WAS CLEARLY DENIED BY THE COURTS AND RIVER GROVE POLICE DISREGARDED RULES OF ENTERING PRIVATE DWELLINGS.  ON THIS DAY CHARLES ONRUBIA WAS WRONGFULLY ACCUSSED, AND OBVIOSLY TAKEN AWAY FROM HIS HOME SO POLICE CAN CLEARLY TAKE ADVANTAGE OF PLAINTIFF'S PARENTS WHO ARE TWO SENIOR CITIZENS THAT OFTEN NEED THEIR SON CHARLES WHO CAN SPOT A SHADY ORGANIZATION WITH CLEAR INTENT OF CAUSING HARM TO ONE INDIVIDUAL AND HIS FAMILY.  PLAINTIFF'S PARENTS CLEARLY WERE CAUGHT IN THE MIDDLE OF A SITUATION THAT THEY DID NOT KNOW HOW TO HANDLE.  ITIMIDATION FACTOR DID NOT AFFECT CHARLES WHILE HE HAD TO WATCH A NON-VERIFIED GROUP OF PEOPLE IN HIS HOME VIOLATE MULTIPLE LAWS TO WHICH CHARLES IS PROTECTED BY LAW. DUE PROCESS AND EQUAL RIGHTS APPLIES TO ALL.

9.     PLAINTIFF WAS WRONGFULLY ARRESTED AND CHARGED WITH "RECKLESS DISCHARGE OF A FIREARM." CITATION NUMBER 202400022108 OFFENSE VIOLATED 720 ILCS 5/24-1.5A.

```
(720                      ILCS                    5/24-1.5)
 Sec. 24-1.5. Reckless discharge of a firearm
    (a) A person commits reckless discharge of a firearm by
discharging a firearm in a reckless manner which endangers
the bodily safety of an individual.
```

**Exhibit C**

FILED DATE: 10/29/2025 8:20 AM    2025L064013

FILED DATE: 10/29/2025 8:20 AM   2025L064013

THIS ARREST HOLDS NO WATER AND POLICE HAVE NO EVIDENCE THAT CAN SHOW PROBABLE CAUSE FOR ISSUING SUCH CITATION. THERE IS NO RECKLESS ACTIONS OTHER THAN THE ACTIONS TAKEN BY RIVER GROVE POLICE WHO CLEARLY ARE TARGETING THE PLAINTIFF FOR PERSONAL REASONS. AS STATED EARLIER, CHARLES ONRUBIA SURRENDERED HIS VALID CREDENTIALS TO LEGALLY PURCHASE AND CARRY CONCEALED FIREARMS IN THE STATE OF ILLINOIS FOR FIVE YEARS. HE DID NOT LOSE HIS RIGHT TO BEAR ARMS, ESPECIALLY IN THE PRIVACY OF HIS OWN HOME. CHARLES' REINSTATEMENT OF HIS CREDENTIALS WERE ALREADY IN PROCESS. THE WRONGUL ARREST AND CHARGE IS A CLEAR ATTEMPT TO CONVICT PLAINTIFF OF A FELONY TO WHICH THE IMMEDIATE RESULT WOULD BE LOSING HIS ABILITY TO HOLD A FOID CARD FOR LIFE. IN ADDITION, THE INVOLUNTRY ADMITTANCE TO A PSYCHIATRIC WARD IS A REPEAT OF 2018, WHICH CAN PROVE CRIMINAL INTENT BY POLICE. BOTH HOSPITAL STAYS WERE FORCED, HOWEVER, CHARLES ONRUBIA WAS NEVER DIAGNOSED WITH ANY MENTAL ILLNESS. CHARLES ONRUBIA IS CLEARLY THE VICTIM OF MORE THAN JUST A VIOLATION OF HIS BILL OF RIGHTS AND THE ACTIONS OF POLICE WILL AND CAN BE PROVEN IN COURT SHOULD JURY DEMAND BE GRANTED.

10. ON DECEMBER 12, 2024, AN EMERGENCY ORDER OF PROTECTION WAS ENTERED. PLAINTIFF, CHARLES ONRUBIA WAS NOT EVEN AWARE OF SUCH PROCESS UNTIL HE HAD TO GO PICK UP THE ACTUAL PAPERS AT 555 W HARRISON IN PERSON ON JANUARY 24TH, 2025. IF PLAINTIFF, DID NOT KNOW THAT AN ORDER OF PROTECTION COULD BE ENTERED VIA INCOMMING CALL, PLAINTIFF CAN ASSURE THAT HIS MOTHER AND FATHER ARE NOT AWARE OF SUCH LEGAL ACTION. THE ONRUBIA FAMILY AS A WHOLE HAVE NEVER BEEN INVOLVED IN ANY SORT OF DOMESTIC VIOLENCE CASE. I CANNOT BELIEVE THAT POLICE WOULD AVISE THEM TO FILE FOR AN EMERGENCY ORDER OF PROTECTION, PRIMARILY DUE TO THE FACT THAT POLICE CANNOT GIVE ANYONE LEGAL ADVICE. NOT TO MENTION, WHAT IS THE EMERGENCY OOP FOR, WHILE PLAINTIFF IS ON A 7 DAY VACATION AT A PSYCHIATRIC DEPARTMENT. HOWEVER, RIVER GROVE POLICE DEPARTMENT DID PROVIDE A SHORT FORM NOTIFICATION ORDER OF PROTECTION, SO PERHAPS RIVER GROVE POLICE DEPARTMENT DID GIVE SOME SORT OF LEGAL ADVICE, HOW ELSE WOULD THEY KNOW ABOUT THIS ORDER OF PROTECTION. AGAIN, ANOTHER INTENTIONAL ACTION TO HARM CHARLES ONRUBIA. CHARLES' PARENTS HAVE NOT HAD ANY ENCOUNTERS WITH LAW ENFORCEMENT PRIOR TO THIS DAY. CHARLES DOES NOT BELIEVE HIS PARENTS ASKED FOR ANY SUCH ORDER, IF SO, THEY WERE GUIDED IN THE WRONG DIRECTION. THIS IS OBVIOUSLY SPECULATION AND TRUTH MAY NEVER COME TO SURFACE. CHARLES WILL STILL STICK WITH THE FAMILY VALUES HE WAS RAISED WITH AND CONTINUE TO KEEP A CLEAR MIND LEAVING EMOTION AND ASSUMTIONS OUT OF THIS EQUATION. PLAINTIFF HAS ENOUGH

Exhibit C

PROOF TO SHOW INTENTIONAL TORT BY RIVER GROVE POLICE DEPARTMENT AND ANY NON-MENTIONED ACCOMPLISSES.

11. CHARLES ONRUBIA WAS NOT PROPERLY NOTIFIED ABOUT ANY SUCH EMERGENCY ORDER OF PROTECTION AND HAS COPIES OF SUMMONS WHICH WERE TO BE SERVED BY COOK COUNTY SHERIFF DEPARTMENT. MULTIPLE ATTEMPS WERE MADE, HOWEVER, UNSUCCSESFUL DUE TO PLAINTIFF'S CURRENT HOSPITALIZATION. NO PROOF OF SERVICE IS AVAILABLE.

12. ON FEBRUARY 14TH, 2025 RIVER GROVE POLICE ARRESTED AND WRONGFULLY CHARGED CHARLES ONRUBIA FOR A 2ND TIME IN TWO MONTHS FOR A WARRANT ON THE RECKLESS DISCHARGE CITATION. FAILURE TO APPEAR. HE WAS ALSO ISSUED A CITATION NUMBER 25-1906 FOR POSSESSION OF BURGLARY TOOLS. THESE TOOLS ARE NOTHING BUT HOUSE-HOLD TOOLS. THIS SECOND ARREST AND WRONGFUL CHARGE IS NOW A SECOND ATTEMPT TO CONVICT CHARLES ONRUBIA OF A FELONY. THIS IS ADDITIONAL PROOF OF TARGETING CHARLES ONRUBIA, ONE INDIVIDUAL THAT HAS COMITTED NO WRONG DOINGS AS FAR AS REAL LAW IN THE ILLINOIS CRIMINAL CODE OF 1969, 2012, AND 2024.

13. ACTIONS OF RIVER GROVE POLICE DEPARTMENT IS CIVIL NEGLIGENCE THAT HAS CAUSED EXTREAME DISTRESS TO CHARLES AND FAMILY. RIVER GROVE POLICE DEPARTMENT REFUSES TO RETURN PROPERTY ILLEGALLY SEIZED FROM HIS HOME WITH OUT AN ORDER FROM THE COURTS WHICH IS A CATCH 22. THEY WERE NEVER GIVEN PERMISSION BY THE COURTS TO SEIZE ANY PROPERTY TO BEGIN WITH.

14. PLAINTIFF, CHARLES ONRUBIA HAS NOT BEEN ABLE TO RETURN TO HIS OWN HOME SINCE DECEMBER 10TH, 2024. HE HAS BEEN DEPRIVED OF HIS PRIVATE DOMICILE AND PERSONAL PROPERTY BECAUSE OF WRONGFUL CHARGES BEING BROUGHT AGAINST HIM. IN ADDITION, THESE CHARGES HAVE NOW TURNED INTO A FELONY INDICTMENT AND A SECOND CHARGE HAS BEEN ADDED TO HIS FEBRUARY 14TH, 2025 ARREST. AN ADDITONAL COUNT OF "ATTEMPT RESIDENSTIAL BURGLARY" IS NOW ANOTHER FELONY OF A HIGHER CLASS WHICH INCREASES POTENTIAL MAXIMUM PENALTIES OF JAIL TIME AND FINES IF FOUND GUILTY.

15. DAMAGES TO CHARLES ONRUBIA'S LIFE HAVE ALREADY BEEN DONE. THERE IS NO GOING BACKWARDS FROM THE RECENT CHAIN OF EVENTS. THIS IS A MATTER OF CIVIL JUSTICE WHICH MUST BE RESOLVED IN A TIMELY FASHION. CHARLES DOES NOT WANT TO SPEND THE REST OF HIS LIFE FIGHTING FOR HIS LIFE.

I, CHARLES ONRUBIA, CERTIFIE THAT I AM THE PLAINTIFF IN THE ABOVE ENTITLED ACTION, AND THE ALLEGATIONS IN THIS COMPLAINT ARE TRUE.

Exhibit C

FILED DATE: 10/29/2025 8:20 AM  2025L064013

| | |
|---|---|
| CHARLES ONRUBIA, PRO-SE | SIGNATURE: _____ |
| 2432 HAYMOND ST. | DATE: 10/29/2025 |
| RIVER GROVE, IL. 60171 | |
| 708.932.5000\|708.945.000 | |
| C.ONRUBIA@TSFCHICAGO.COM | |

**UNDER 735 ILCS 5/1-109 I CERTIFY THAT EVERYTHING ON THIS DOCUMENT IS TRUE AND CORRECT AND UNDERSTAND THAT MAKING A FALSE STAEMENT ON THIS FORM IS PERJURY AND HAS PENALTIES PROVIDED BY LAW**

**Exhibit C**