UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES ONRUBIA, | ) |
| Plaintiff, | ) |
| Vs. | ) NO: 1:25-cv-14473 |
| RIVER GROVE POLICE DEPARTMENT, | ) Honorable Jorge L. Alonso |
| Defendant. | ) |

**DEFENDANT'S MOTION TO STAY THIS MATTER IN LIGHT OF
PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Defendant, VILLAGE OF RIVER GROVE, incorrectly sued as the River Grove Police Department (hereinafter "River Grove") by and through one of its attorneys, EMILY FRANCES OTTESEN of SCHAIN, BANKS, KENNEY, & SCHWARTZ, and respectfully pray that this Honorable Court enter an order staying this matter until the underlying criminal matters have been resolved. In support of this motion, this Defendant states as follows unto this Honorable Court:

1. On March 7, 2025, Plaintiff CHARLES ONRUBIA, representing himself *pro se*, initiated a case against River Grove by filing a fee waiver petition in the Circuit Court of Cook County. Following a ruling on a motion to dismiss brought by Defendant, on October 29, 2025, Plaintiff filed an amended complaint. While the amended complaint fails to specify the exact nature of Plaintiff's claims against River Grove, the complaint does allege that Plaintiff's "Bill of Rights and Amendments of the Constitution both by State of Illinois and United States as a country have been violated by River Grove Police Department…".

2.  More specifically, Plaintiff claims that Defendant violated his constitutional rights with regard to his arrest on December 10, 2024, because Defendant, which Defendant denies, allegedly wrongfully arrested Plaintiff and illegally seized numerous guns which Plaintiff claims to have owned. [*See* Plaintiff's Amended Complaint, attached hereto as Ex. 1 at ¶ 4-9]. This arrest resulted in criminal charges, and the criminal matter remains pending in the Circuit Court of Cook County under case number 25C44024401. [See Case No. 25C44024401 Docket as of January 13, 2026, attached hereto as Exhibit 2].

3.  Plaintiff further claims that on February 14, 2025, Defendant again wrongfully arrested and wrongfully charged Plaintiff with "possession of burglary tools." [Ex. 1 at ¶ 12]. This arrest also resulted in criminal charges, and the criminal matter remains pending in the Circuit Court of Cook County under case number 25CR0331301. [See Case No. 25CR0331301 Docket as of January 13, 2026, attached hereto as Exhibit 3].

4.  Illinois courts have determined that when constitutional issues are at play in the underlying state criminal matter, it is appropriate for a federal district court to stay the federal proceeding until the state criminal matter is resolved. *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) (because the federal damages proceeding raised constitutional issues that were potentially subject to adjudication in the state court on appeal, the matter was to be stayed until the case "worked its way through the state appellate process"); *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (plaintiff's claims resulting from illegal searches, seizures and detentions involved constitutional issues that may be litigated through the course of the underlying criminal matter, thus the matter was to be stayed until the termination of the underlying state criminal proceedings). *See also Fulton v. Zalatoris*, 2008 WL 697349, No. 07 C 5569 (N.D. Ill. 2008); *Cady v. South Suburban College,* 152 Fed.Appx. 531 (7th Cir. 2005).

5. Furthermore, a plaintiff seeking to recover damages in a Section 1983 action for harm caused by actions, the unlawfulness of which would render a conviction or sentence invalid, must show that the conviction or sentence has been reversed, expunged, or otherwise invalidated or called into question before civil suit under Section 1983 may be brought. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). While *Heck* does not apply to pending criminal proceedings, the *Heck* Court nonetheless stated in *dicta* that "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, … abstention may be an appropriate response to the parallel state-court proceedings." *Id.* at 487.

6. In the present case, Plaintiff has been charged with reckless discharge of a firearm and attempted residential burglary and possession of burglary tools. However, Plaintiff alleges that both of his arrests were wrongful and illegal arrests because Plaintiff did not "violate any law of the state of Illinois." If convicted of the pending charges, any judgment in his favor in the present case would therefore "necessarily imply the invalidity of his conviction." *Gordon v. Miller*, 528 F. Appx 673, 674 (7th Cir. 2013) (holding that the plaintiff's false arrest claim was barred by *Heck* where the plaintiff had claimed that the arrest was wrongful, not due to a lack of probable cause, but because he was innocent of the charge he was arrested for). Therefore, material facts determined by the Illinois criminal court relative to those charges could very well be one and the same with facts material to Defendant's defense in this litigation. As such, proceeding in a piecemeal fashion with this litigation is not only an impracticality, but an impossibility.

7. Therefore, Defendant respectfully requests that this matter be stayed until the final resolution of the underlying criminal matter.

WHEREFORE, VILLAGE OF RIVER GROVE, incorrectly sued as the River Grove Police Department (hereinafter "River Grove") respectfully requests that this Court stay this matter until the underlying state criminal matters have been fully resolved.

          Respectfully submitted,

          VILLAGE OF RIVER GROVE, incorrectly sued as River Grove Police Department

          By: /s/Emily F. Ottesen
               One of Its Attorneys

Michael E. Kujawa, ARDC# 6244621
Emily F. Ottesen, ARDC# 6339477
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5400
Chicago, Illinois 60602
Phone: (312) 345-5700
Fax: (312) 345-5701
mkujawa@schainbanks.com
eottesen@schainbanks.com